| | |
|---|---|
| Efrain Gomez-Lopez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Loretta E Lynch, et al.,<br><br>　　　　　Respondents. | NO. CV-16-01647-PHX-DLR (ESW)<br><br>**REPORT AND RECOMMENDATION** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Efrain Gomez-Lopez's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) filed pursuant to 28 U.S.C. § 2241. The Petition states that Petitioner, who is a citizen of Mexico, has been detained by Immigration and Customs Enforcement ("ICE") since February 2, 2015. (Doc. 1 at 2). The Petition challenges an Immigration Judge's ("IJ") November 12, 2015 decision denying Petitioner release from custody on bond pending completion of removal proceedings. (*Id.* at 8).

In their April 24, 2017 filing (Doc. 19 at 2), Respondents explain that on March 10, 2017, Petitioner was removed from the United States. The Warrant of Removal/Deportation attached to the filing contains the notation "[r]emoved through the port of entry in Nogales, AZ, via afoot. Date: 3/10/17." (Doc. 19-1 at 15). In addition, a

recent Order that the Clerk of Court mailed to Petitioner was returned as undeliverable for the reason that Petitioner is "not in custody." (Doc. 18).

In light of the evidence indicating that Petitioner has been released from custody as requested in the Petition (Doc. 1), the undersigned finds that there is no further relief that the Court can provide and the case is moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that habeas petition was moot where petitioner's deportation "cur[ed] his complaints about the length of his INS detention"); *Kittel v. Thomas,* 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed). Therefore,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 26th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge